UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEWTON & ASSOCIATES, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4656** |
| **SANDRA R. SANCHEZ** | **SECTION: "S" (2)** |

### ORDER AND REASON

**IT IS HEREBY ORDERED** that Sandra R. Sanchez's motion to remand is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #4.)

### I. BACKGROUND

Newton & Associates (Newton) is in the business of collecting debts on behalf of commercial entities. Bill Newton served as its president until Newton was acquired by CoFace Collections North America (CoFace) in 2006.

Bill Newton hired Sandra Sanchez as a trainer in June 1998. Sanchez received various promotions, and eventually became the manager of the Customer Service Department. Because the business expanded, Bill Newton hired Victor McCullough as a branch manager for the office

in Metairie, Louisiana. Bill Newton and Tom Brenan, the Chief Financial Officer, did not give serious consideration for the position to Sanchez or any other current manager. Sanchez sent an e-mail to Bill Newton on May 29, 2003, expressing her unhappiness, disappointment, and humiliation in not being hired for the position.

On June 9, 2003, Sanchez met with McCullough to "set the tone" for a good business working relationship. On July 18, 2003, Sanchez expressed to McCullough her disagreement with the decision to hire him as branch manager and her belief that their problems were gender based. McCullough asked Bill Newton and Tom Brenan to terminate or transfer Sanchez because he did not think he could work with her. After several months of dissension, in January 2004, McCullough again asked that Sanchez be terminated based on her resistance to management and the inadequate productivity of her department. On January 8, 2004, Bill Newton, Tom Brenan, and McCullough called Sanchez into a meeting and informed her of the decision to terminate her employment based on "Management/directional differences."

On October 25, 2004, Sanchez filed a charge with the Equal Employment Opportunity Commission (EEOC). She alleged that, from June 2, 2003 to January 8, 2004, she was subjected to different conditions of employment because she was a female manager and discharged in retaliation for complaining about her treatment and the gender-based denial of the branch manager position. The EEOC was unable to conclude that the information obtained established a violation of the statutes and closed the file. Sanchez filed an arbitration demand.

The arbitrator held a seven-day hearing during which the parties presented evidence regarding the claims of sex discrimination and retaliation. The arbitrator concluded that the

parties had presented a "mixed motive" case of sex discrimination, *i.e.* Sanchez satisfied her burden of proof of sex discrimination, and Newton satisfied its burden to show that it would have discharged Sanchez regardless of the evidence of some illegal motivation in the decision to discharge her.  The arbitrator concluded that the evidence did not establish the claim of retaliation.  The arbitrator issued the following "Amended Award of Arbitration" in relevant part:

> As set forth above, Sanchez proved with a preponderance of the evidence that sex discrimination was a motivating factor in her termination.  However, and as also set forth above, Newton established that it would have discharged Sanchez, even if there had not been illegal animus.  Accordingly, this is a mixed motive case.
>
> Given the limited remedies available to a plaintiff in a mixed motive case, Sanchez is not entitled to any monetary recovery, such as back pay.  Rather, Sanchez is entitled to an injunction.
>
> Coface Collection North America, therefore, is enjoined from discriminating based upon the sex of its employees.  More specifically, Coface shall not discriminate based upon the sex of its employees in making termination decisions, as well as in making any other decision regarding the terms and conditions of their employment.
>
> Sanchez's counsel shall be entitled to cost reimbursement and a reasonable attorney's fee.

The arbitrator determined that a reasonable attorney's fee is $118,904.42 ($169,863.46 less 30% or $50,959.04).

Sanchez filed a "Request for Executory Order Under La. C.C. Article 3129 *et al.* to Confirm Decision Made by Arbitration" in Civil District Court for the Parish of Orleans, State of

Louisiana.[1]  She prayed for an executory order confirming the award of the arbitrator and an order that the defendants pay attorney's fees in the amount of $118,904.42.  The defendants removed the case to federal court based on federal question jurisdiction because the arbitration was pursuant to the Federal Arbitration Act, and the action seeks to enforce an award under Title VII, 42 U.S.C. § 2000 *et seq.*  Sanchez filed a motion to remand the action to state court.

## II. DISCUSSION

### A.  Legal standard

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court."  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)).  Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### B.  Basis for subject matter jurisdiction

Sanchez contends that the court lacks subject matter jurisdiction because the case concerns the enforcement of an arbitration decision between non-diverse parties.  Sanchez further argues that the Federal Arbitration Act does not provide an independent basis for federal

---

[1] Newton filed a "Petition to Vacate Arbitration Award and Alternative Request for Other Relief" and a "Supplemental and Amending Petition to Vacate Arbitration Award and Alternative Request for Other Relief" in federal court.  See Civil Action No. 08-4558.  Sanchez filed a motion and an amended motion to dismiss for lack of subject matter jurisdiction.  Id. at doc. #4.

jurisdiction.

Newton contends that the dispute concerns a federal issue because the award of attorney's fees arises under Title VII, 42 U.S.C. 2000e-5(g)(2)(B).[2]  Specifically, Newton argues that the arbitration award is a manifest disregard for the law because Sanchez was not a prevailing party, and the attorney's fees are not reasonable.

"The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise."  Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 103 S.Ct. 927, 942 n.32 (1983).  "Section 10 of the Federal Arbitration Act (FAA), 9 U.S.C. § 10 allowing federal district courts to vacate arbitration awards does not confer upon federal district courts subject matter jurisdiction."  Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002).  "There must be an independent basis of jurisdiction before a district court may entertain petitions under the Act."  Id.

---

[2]   Section 2000e-5(g)(2)(B) provides:
On a claim in which an individual provides a violation under section 2000e-2(m) of this title and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the court--
   (i) may grant declaratory relief, injunctive relief . . . and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a claim under section 2000e-2(m) of this title. . . .

   Section 2000e-2(m) provides:
  Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

Under limited circumstances, the non-statutory ground for vacatur of an arbitration award, if it was made in manifest disregard for the law, may provide subject matter jurisdiction to review the arbitrator's decision.  See Williams v. Cigna Financial Advisors, Inc., 197 F.3d 752, 758-59 (5th Cir. 1999).  "Manifest disregard means more than error or misunderstanding with respect to the law."  Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 381 (5th Cir. 2004) (internal quotation and citation omitted).  "The arbitrators must have appreciate[d] the existence of a clearly governing principle but decided to ignore or pay no attention to it."  Id. (internal quotation and citation omitted).  "Furthermore, the governing law ignored by the arbitrators must be well defined, explicit, and clearly applicable."  Id. (internal quotation and citation omitted).

Newton's allegations do not provide a basis for subject matter jurisdiction.  The arbitrator determined that Sanchez proved by a preponderance of the evidence that sex discrimination was a motivating factor in her termination; therefore, she was a prevailing party.  Newton recognized Sanchez as a prevailing party in its memorandum of law presented to the arbitrator regarding the request for attorney's fees, in which Newton argued for a reduction in fees and costs because "Claimant prevailed on only one of three theories."  Because this was a mixed motive case, Sanchez's remedy was limited to injunctive relief and attorney's fees.  See 42 U.S.C. § 2000e-5(g)(2)(B).  The arbitrator carefully considered Newton's challenges to the reasonableness of the attorney's fees and reduced the award of attorney's fees by 30% ($169,863.46 - 30% or $50,959.04 = $118,904.42) because it was a mixed motive case, and Sanchez "did not fully succeed."  The record does not reflect that the arbitrator ignored governing law that was well

defined, explicit, and clearly applicable.

Accordingly, there is no basis for subject matter jurisdiction on the ground that an award was made in manifest disregard for the law. Sanchez's motion to remand is granted, and the case is remanded to state court.

New Orleans, Louisiana, this __22nd__ day of December, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**